IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNNE THOMPSON,<br>      Plaintiff, | )<br>)<br>) |
| vs. | )   Civil Action No. 15-619 |
| | )   Judge Arthur J. Schwab/ |
| BOARD OF PROBATION AND PAROLE (PENNSYLVANIA); SCI-CAMBRIDGE SPRINGS; SUPERINTENDENT OF SCI-CAMBRIDGE SPRINGS; MR. JERMEY [sic] STEWART *Supervisor*; MS. HEATHER HILDENBRANDT; MR. DOUGLAS; RANDAL B. TODD; MR. SNOW; BOARD OF PROBATION AND PAROLE,<br>      Defendants. | )   Chief Magistrate Judge Maureen P. Kelly<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Re: ECF No. 7<br>)<br>) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Plaintiff's Application for Leave to Proceed In Forma Pauperis ("the IFP Motion"), ECF No. 7, be denied.

### II. REPORT

Lynne Thompson,[1] ("Plaintiff") has filed an IFP Motion in order to prosecute this Civil Rights action. ECF No. 7. Plaintiff is a prisoner who previously filed several lawsuits, which

---

[1] The Court takes judicial notice of the fact that Lynne Thompson is also known as "Lynne Lamar" and "Lynne L. Thompson" and "Lynne Lamar Thompson."

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/InmLocator.aspx

(site last visited 8/19/2015). See also Lynne Lamar Thompson v. Plum Boro Administration, No. 07-CV-26 (W.D. Pa. ECF No. 2 (Report recommending denial of IFP status to "Lynne Lamar Thompson" and relying on cases filed by "Lynne Lamar").

were dismissed as frivolous or for failure to state a claim upon which relief can be granted. As a consequence of her prior litigation, she has acquired "three strikes," in contravention of 28 U.S.C. § 1915(g), and cannot proceed *in forma pauperis* ("IFP") in the present case.

It is a plaintiff's burden to prove entitlement to IFP status. See White v. Gregory, 87 F.3d 429, 430 (10th Cir. 1996); New Assessment Program v. PNC Corp., No. Civ.A. 95-6059, 1995 WL 592588, at *1 (E.D. Pa. Oct. 3, 1995); In re Lassina, 261 B.R. 614, 618 (E.D. Pa. 2001) ("The applicant bears the burden of proving her entitlement to IFP relief by a preponderance of the evidence.").

This Court takes judicial notice of court records and dockets of the federal courts located in the Commonwealth of Pennsylvania as well as those of the United States Court of Appeals for the Third Circuit. DiNicola v. DiPaolo, 945 F. Supp. 848, 854 n.2 (W.D. Pa. 1996) (court is entitled to take judicial notice of public records). A review of the electronic dockets of these courts reveals that Plaintiff has accumulated at least "three strikes" within the contemplation of 28 U.S.C. § 1915(g)[2] which provides in relevant part that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In this case, Plaintiff is a "prisoner" within the meaning of 28 U.S.C. § 1915(g).[3] Plaintiff's three strikes are as follows: 1) Lamar v. Onyundo, No. 95-CV-568 (W.D. Pa., ECF

---

[2] Abdul-Akbar v. McKelvie, 239 F.3d 307, 310 (3d Cir. 2001) (noting that 28 U.S.C. § 1915(g) is "popularly known as the 'three strikes' rule"), cert. denied, 533 U.S. 953 (2001).

[3] The term prisoner as used in Section 1915 means "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations

No. 4 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting Report & Recommendation)); 2) Lamar v. McDaniels No. 95-CV-640 (W.D. Pa., ECF No. 8 (Report & Recommendation recommending dismissal of case as frivolous), and ECF No. 5 (Memorandum Order adopting Report & Recommendation));  and 3) Lamar v. Commonwealth of Pennsylvania and Judge McDaniel, No. 97-CV-1566 (W.D. Pa., ECF No. 16 (Report & Recommendation recommending grant of motions to dismiss for failure to state a claim), and ECF No. 17 (Memorandum Order adopting Report & Recommendation)). In fact, Plaintiff has more than three strikes.  See also  Lamar v. Packard, No. 01-CV-1333 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) for failure to state a claim); Lamar v. Attorney-at-law Robert Marcus, No. 02-CV-225 (W.D. Pa., ECF No. 3 (Memorandum Order dismissing complaint under 28 U.S.C. § 1915(d) as frivolous). Moreover, the United States Court of Appeals for the Third Circuit has found that Plaintiff has three strikes against her.  See, e.g.,  Thompson v. Plum Boro Admin., No. 07-2278 (3d Cir.). Accordingly, because Plaintiff has at least three strikes, she may not proceed IFP.  Furthermore, it is noted that Plaintiff has not alleged anything in the instant Complaint that would merit the grant of IFP even in those cases of prisoners who have three strikes.

      Plaintiff's proposed Complaint fails to allege any imminent danger of serious physical injury.  Her proposed Complaint alleges that the date of the event giving rise to this lawsuit was August 25, 2014, ECF No. 1 at 4, ¶ IV.A, and that the place of the event was the Allegheny County Jail.  Id. ¶ IV. B.  We note that Plaintiff did not sign her Complaint until August 1, 2015, almost one year after the alleged events giving rise to the Complaint.  Plaintiff primarily complains of the fact that she should have been paroled almost immediately after Defendant

---

of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).

Douglas, apparently a hearing examiner for the Board of Probation and Parole, held a hearing on February 24, 2015, regarding Plaintiff, and indicating at the hearing that Plaintiff should be "paroled forthwith." Id. at 6. Plaintiff complains that she was not paroled forthwith and that she is still serving time in a state prison now. We note in passing that to the extent Plaintiff seeks to call into question the validity of her ongoing confinement in this civil rights action, her claims would be barred by Heck v. Humphrey, 512 U.S. 477 (1994).

The Complaint fails to allege any danger of physical injury, yet alone, danger of physical injury that is imminent or how any of the defendants are the cause of any potential such danger.

Because Plaintiff herein has failed to allege anything that would permit her to proceed IFP, the IFP Motion should be denied. If the District Court adopts this recommendation, Plaintiff, of course, may thereafter pay the entire filing fee within a time certain or face dismissal of the Complaint for failure to prosecute.

## III. CONCLUSION

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Date: September 9, 2015          /s/Maureen P. Kelly
                                 MAUREEN P. KELLY
                                 CHIEF UNITED STATES MAGISTRATE JUDGE


cc:    The Honorable Arthur J. Schwab
       United States District Judge

LYNNE THOMPSON
OT 0636
SCI Cambridge Springs
451 Fullerton Avenue
Cambridge Springs, PA 16403-1238